UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GALBREATH,<br><br>               Petitioner,<br><br>   vs.<br><br>L.S. McEWEN, Warden,<br><br>               Respondent. | CASE NO. ED CV 11-00647 CJC (RZ)<br><br>ORDER TO SHOW CAUSE<br>RE TIMELINESS |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on April 25, 2011. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On September 20, 2002, a San Bernardino County Superior Court jury convicted Petitioner of numerous crimes, including attempted robbery, false imprisonment by violence, and being a felon in possession of a weapon. Due in part to Petitioner's prior criminal record, he was sentenced to state prison for 45 years to life. Pet. ¶ 3.

(b) Petitioner appealed. The California Court of Appeal affirmed on February 3, 2006. The California Supreme Court denied further direct review on December 19, 2007. Pet. ¶¶ 8-9.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after March 19, 2008, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) Nearly a year passed. Early in 2009, Petitioner began a hierarchical series of state habeas petitions, beginning in the trial court, which denied relief on March 9, 2009. (It is unclear on what date Petitioner filed the trial-court petition. His current petition recites that a copy of the trial-court petition is attached to the current one, but such is not the case. This leaves unclear how many days were remaining in Petitioner's AEDPA limitations period at the time of the filing. If not for the tolling of the AEDPA period due to that trial-court filing, Petitioner's time would have expired after March 20, 2009.) The California Court of Appeal also denied the writ, and on February 3, 2010, so did the California Supreme Court. Pet. ¶ 12. Petitioner has filed no other state habeas petitions. *See* Pet. ¶¶ 12 (c) (listing no other petitions), 17 (no pending petitions).

| | | |
|---|---|---|
| 1 | (e) | Petitioner had perhaps a few weeks remaining in his AEDPA limitations period when he commenced his state habeas petitions. After those petitions ended on February 3, 2010 with the state supreme court's denial of relief, his tolling also ended. Petitioner's next act in pursuit of court relief was to file a habeas action in this Court, but he did not do so for a month and half. His petition was filed on March 26, 2010. *See generally* docket in *Galbreath v. Small*, No. ED CV 10-00454 CJC (RZ). |
| | (f) | Petitioner soon dismissed that action voluntarily pursuant to Fed. R. Civ. P. 41(a), on August 31, 2010. *Id.* |
| | (g) | Nearly eight months passed. Petitioner filed the current petition on April 25, 2011. |

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale late in the winter of 2010, within a few weeks of the California Supreme Court's February 3, 2010 denial of his final state habeas action. Thereafter, the pendency of Petitioner's prior, abortive *federal*-court petition did not toll the applicable one-year limitations period, unlike a properly-filed *state*-court habeas challenge. 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). (Even if the prior federal action *had* tolled the statute, moreover, it appears that Petitioner waited too long to commence that action. The post-AEDPA-expiration filing of a federal petition does not rejuvenate the limitations period; rather, the petition is simply late – and, in that event, the current petition is even later.) Worse, even if Petitioner somehow had benefitted from a fresh one-year limitations period that began only *after* the California Supreme Court denied his final habeas petition there on February 3, 2010, Petitioner still would be untimely, for he waited over fourteen months after that denial before signing the petition now before this Court. *See* Pet. at 6 (signature date of April 20, 2011).

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: April 29, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE